```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANISHA M. MOORE, pro se,                       :
                                               :
                        Plaintiff,             :
                                               :          SUMMARY ORDER
            -against-                          :          13-cv-1867(DLI)
                                               :
COMMISSIONER OF SOCIAL SECURITY,               :
                                               :
                        Defendant.             :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

*Pro se* Plaintiff Anisha M. Moore ("Plaintiff") filed the instant action seeking review of the Commissioner of Social Security's decision regarding Plaintiff's application for disability benefits. (Complaint, Doc. Entry No. 2.) The Court construes Plaintiff's claim as an action brought pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and/or 1383(c)(3). Plaintiff initiated this action by filing a complaint in the U.S. District Court for the Southern District of New York ("SDNY") on February 25, 2013. The Hon. Loretta A. Preska, U.S. District Judge for the Southern District of New York, transferred this action to this Court by order dated April 3, 2013. (Doc. Entry No. 4.) On April 15, 2013, Plaintiff filed a motion requesting that the action be transferred back to the SDNY. (*See* Pl. Mot. to Transfer Back to the SDNY ("Pl. Mot."), Doc. Entry No. 12.) For the reasons set forth below, Plaintiff's motion is denied.

An action filed pursuant to 42 U.S.C. §§ 405(g) or 1383(c)(3) may be brought only in "the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . " 42 U.S.C. §§ 405(g), 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under [§ 1383(c)(1)] shall be subject to judicial review as provided in section 405(g).").

1

Plaintiff alleges that she resides in Richmond County, New York and avers she is not employed. (Complaint ¶ I(A); Request to Proceed *In Forma Pauperis*, Doc Entry No. 1.) Plaintiff is not a resident in the SDNY and, therefore, the SDNY does not have subject matter jurisdiction over Plaintiff's social security appeal. The instant action was properly transferred to this district, because Plaintiff resides in this district. Accordingly, Plaintiff's request for the action to be transferred back to the SDNY is denied.

The Court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the Court interprets Plaintiff's motion "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis omitted). After reviewing Plaintiff's reasons for requesting transfer back to the SDNY, and in the light of the liberal construction the Court affords *pro se* litigants, the Court construes Plaintiff's motion as a motion for recusal under 28 U.S.C. § 455(a).

Section 455(a) of title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The Second Circuit has stated that, in evaluating a motion for recusal, the court must ask the following question: "[w]ould a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States v. Amico*, 486 F. 3d 764, 775 (2d Cir. 2007) (internal citations omitted).

Here, Plaintiff states she is requesting transfer back to the SDNY because "she ruined my life" and "[t]he Judge [has] a history of sending people to the death chambers." (Pl. Aff. in

Supp. of Mot. at 3.) In addition, she states "I need my . . . medical bills, tomb stone paid. I'm a human being not a[n] animal." (*Id.* at 1.) First, the Court has not sentenced anyone to death in any matter. Second, in a social security appeal such an outcome is not even a remote possibility. Thus, Plaintiff does not set forth any reasons that the Court's impartiality in this action might reasonably be questioned.

Furthermore, it is the custom of this district to assign all *pro se* matters to the same judge, because that judge is familiar with the *pro se* litigant and her history with the court. Plaintiff previously brought two actions before this Court, the outcomes of which do not serve as cause for recusal.

On May 15, 2012, Plaintiff brought an action seeking review of changes in her Supplemental Security Income and her deceased mother's workers' compensation benefits. *See Moore v. Comm'r of Social Security*, 12-cv-2454 (DLI). On August 10, 2012, the Court construed Plaintiff's August 8, 2012 letter as a Notice of Voluntary Dismissal and dismissed the case without prejudice. (*See* Aug. 10, 2012 Order, 12-cv-2454; Pl. Aug. 8, 2012 Letter, Doc. Entry No. 18 ("I respectfully thank you for understanding and closing my case."), 12-cv-2454.) On June 12, 2012, Plaintiff brought an action for monetary damages against attorneys who had represented her mother. *See Moore v. Angiuli & Gentile, LLP et al.*, 12-cv-2966 (DLI) (LB). On August 9, 2012, the Court dismissed the case for lack of subject matter jurisdiction, without prejudice to pursue the matter in Kings County Surrogate's Court. (*See* Doc. Entry No. 5, 12-cv-2966.)

Accordingly, Plaintiff's request for recusal is denied. By Order dated April 8, 2013, Plaintiff's *in forma pauperis* application for the instant action was granted and a briefing

schedule was set. (*See* Doc. Entry No. 8.) The instant action will be adjudicated as expeditiously as possible.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion requesting transfer of the instant action back to the SDNY and recusal is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DATED: Brooklyn, New York
       April 22, 2013

                                                    /s/
                                         DORA L. IRIZARRY
                                    United States District Judge