UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ANISHA MOORE, *pro se*,                                   :
                                                          :
                              Plaintiff,                  :
                                                          :         **SUMMARY ORDER**
              -against-                                   :         13-CV-1867
                                                          :
COMMISSIONER OF SOCIAL SECURITY,                          :
                                                          :
                              Defendant.                  :
------------------------------------------------------------------ x
**DORA L. IRIZARRY, United States District Judge:**

Anisha Moore ("Plaintiff") filed the instant action, *pro se*,[1] against the

Commissioner of Social Security ("Defendant"), appealing two notices she received from

the Social Security Administration ("SSA") and asserting a claim of fraud. (Plaintiff's

Complaint ("Pl.'s Compl."), Dkt. Entry No. 1.) Defendant moves, pursuant to Rule

12(b)(1) of the Federal Rules of Civil Procedure and the standards for judicial review

under the Social Security Act ("the Act"), to dismiss the instant action in its entirety.

(*See generally* Defendant's Motion to Dismiss ("Def.'s Mot."), Dkt. Entry No. 21.) As

set forth below, Defendant's motion is granted as Plaintiff failed to exhaust her

administrative remedies. Accordingly, this action is dismissed.

## BACKGROUND

The facts are taken from the Complaint and are assumed true solely for purposes

of resolution of this motion. (Pl.'s Compl. at 1.) Additionally, facts are taken from the

---

[1]      *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers."
*Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation omitted). Courts should "interpret [such papers] to raise the
strongest arguments that they suggest." *Forsyth v. Fed'n Emp't & Guidance Serv.*, 409 F. 3d 565, 569 (2d
Cir. 2005) (citation and internal quotation marks omitted). Though a court need not act as an advocate for
*pro se* litigants, in such cases there is a "greater burden and a correlative greater responsibility upon the
district court to insure that constitutional deprivations are redressed and that justice is done." *Davis v.
Kelly*, 160 F. 3d 917, 922 (2d Cir. 1998) (citation omitted).

Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss (("Def.'s Mem.") Dkt. Entry No. 23), the Declaration of Donald V. Ortiz (("Ortiz Decl."), Dkt. Entry No. 23-1 ¶¶ 1-3), and the Declaration of Julio Infiesta (("Infiesta Decl."), Dkt. Entry No. 23-2 ¶¶ 1-3).

Since 1992, Plaintiff has received Supplemental Security Income ("SSI") under Title XVI of the Act based on a finding of mental retardation. (Ortiz Decl. ¶ 3(a).) In 2010, Plaintiff filed for Child's Insurance Benefits ("CIB") under Title II of the Act. (*Id.*) On December 13, 2011, an Administrative Law Judge ("ALJ") found that Plaintiff was entitled to CIB in a fully favorable decision. (*Id.* ¶ 3(b).) However, because SSI payments are determined based on financial eligibility requirements, Plaintiff's SSI was reduced from $771 to $137 per month beginning April 2012 to account for the award of CIB benefits. (Infiesta Decl. ¶ 2.) The ALJ also determined that an additional $14 should be withheld from Plaintiff's SSI payments to account for a previous overpayment of $4,200.07. (*Id.*) Plaintiff received notice of the ALJ's decision as well as instructions regarding how to file an appeal of the ALJ's decision. (*See* Notice, attached as Ex. 1 to Infiesta Decl.) The notice instructed Plaintiff to file an appeal with the Appeals Council within 60 days of receipt of the notice if she disagreed with the ALJ's decision. (*Id.*) Plaintiff never filed an appeal. (*Id.* ¶ 3(c).)

On May 15, 2012, Plaintiff filed an action under 42 U.S.C. § 405(g) and § 1383(c)(3) in this Court. (Def.'s Mem. at 2.) On August 8, 2012, Plaintiff requested that the case be closed. (*Id*. at 3.)

On February 25, 2013, Plaintiff filed the instant action in the United States District Court for the Southern District of New York. (*Id.*) The Complaint alleges

"fraud" and seeks "back payments" of $12,000 as well as restoration of her SSI to the rate of $771.00. (*Id.*) On April 3, 2013, the case was transferred to this Court. (*Id.*) Presently, Defendant's motion to dismiss is before the Court, which Plaintiff opposes. (*See* Plaintiff's Affidavit in Opposition to Defendant's Motion ("Pl.'s Aff."), Dkt. Entry No. 25 ¶ 1-3.)

## DISCUSSION

### I.    Legal Standard for Dismissal

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "lack of subject-matter jurisdiction." In evaluating a motion to dismiss under Rule 12(b)(1), the court accepts as true all factual allegations in the complaint; however, it should not draw inferences favorable to the party asserting jurisdiction. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F. 3d 107, 110 (2d Cir. 2004) (citation omitted). "A case is properly dismissed for lack of subject matter [*sic*] jurisdiction under Rule12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F. 3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter [*sic*] jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F. 3d 635, 638 (2d Cir.2005). In determining the existence of subject-matter jurisdiction, a district court may consider evidence outside the pleadings. *Arar v. Ashcroft*, 532 F. 3d 157, 168 (2d Cir. 2008) (citing *Makarova*, 201 F. 3d at 113).

### II.    Legal Standard for Judicial Review Under the Social Security Act

Under the Act, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of

such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ." 42 U.S.C. § 405(g). Similarly, under 42 U.S.C. § 1383(c)(3), [t]he final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title . . . ."

However, claimants are required to exhaust all administrative remedies prior to obtaining judicial review to allow the administrative system "important opportunities 'to make a factual record' for purposes of classification," to avoid the danger of "[inducing] 'frequent and deliberate flouting of administrative process,'" and to "ensure that the agency have additional opportunities 'to discover and correct its own errors.'" *McGee v. United States*, 402 U.S. 479, 484 (1971). With regard to the Act, the exhaustion requirement is "central to the requisite grant of subject-matter jurisdiction." *Weinberger v. Salfii*, 422 U.S. 749, 764 (1975).

The administrative process under the Act has been laid out as follows:

> The administrative process is begun when [the claimant] files a claim with the Social Security Administration . . . . If the claim is administratively denied, regulations permit administrative reconsideration within a six-month period . . . . Should a request for reconsideration prove unsuccessful, the claimant may, within 60 days, ask for an evidentiary hearing before an administrative law judge, and a discretionary appeal from an adverse determination of the law judge lies to the Appeals Council. Finally, . . . 42 U.S.C. § 405(g), authorizes federal judicial review of 'any final decision of the Secretary made after a hearing to which [the claimant] was a party . . . .

*Califano v. Sanders*, 430 U.S. 99, 101 (1977).

Defendant asserts that Plaintiff failed to exhaust. Plaintiff has not disputed any of Defendant's points, nor could she. Plaintiff failed to file an appeal for review with the

Appeals Council. (Infiesta Decl. ¶ 3.) Instead, Plaintiff sought immediate review of the ALJ's decision by a federal court. (Def.'s Mem. at 23.) Under these circumstances, the instant action must be dismissed for failure to exhaust administrative remedies. *See Petre v. Astrue,* 2009 WL 3614606, at *1 (E.D.N.Y. Oct. 30, 2009) (holding that plaintiff's claim must be dismissed for failure to exhaust when plaintiff failed to appeal to the Appeals Commission and immediately filed an action in the United States District Court for the Eastern District of New York).

## CONCLUSION

For the reasons set forth above, this action is dismissed for failure to exhaust administrative remedies as required under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated: Brooklyn, New York
       July 21, 2014

                                   _____
                                          /s/
                                   DORA L. IRIZARRY
                                   United States District Judge